UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-11069-CDP |
| MARC ALAN MACKIE ) | |
| STEPHANIE JEAN MACKIE, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____) | |
| NEXTGEAR CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Adv. Proc. No. 16-01181-CDP |
| MARC ALAN MACKIE, ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Debtor and Defendant Marc Alan Mackie ("Debtor"), by and through his undersigned counsel of record, hereby files his Answer to the Complaint to Determine Dischargeability of Debt ("Complaint") filed by Plaintiff NextGear Capital, Inc. ("Plaintiff"), and in support of his Answer, further alleges as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1.      Debtor admits the allegations contained in paragraph 1 of the Complaint.

2.      Debtor admits the allegations contained in paragraph 2 of the Complaint.

3.      Debtor admits Robert J. Shilliday III was his counsel in connection with the filing of Debtor's Chapter 7 Petition.

4.      Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint and denies the same.

5.      Debtor admits the allegations contained in paragraph 5 of the Complaint.

6.      Debtor admits he was the former sales manager of and held a 25% interest in Magnum Motors of Loveland LLC ("Magnum" or "Company"). Magnum ceased operations and is no longer in business.

7. Debtor denies the allegations contained in paragraph 7 of the Complaint. Debtor was Magnum's sales manager and directed the Company's marketing and sales efforts. Clint Drake ("Drake") held a 50% interest in Magnum and exclusively controlled and managed the Company's financial operations and accounting.

8. Debtor is informed and believes Magnum executed the Note dated April 22, 2014 in favor of Plaintiff.

9. Debtor states the terms and conditions of the Note speak for themselves.

10. Debtor states the terms and conditions of the Note speak for themselves.

11. Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint and denies the same.

12. Debtor admits he executed a guaranty in favor of Plaintiff.

## COUNT I
### (Fraud or Defalcation in a Fiduciary Capacity, Embezzlement, or Larceny Pursuant to 11 U.S.C. § 523(a)(4))

13. Debtor incorporates by reference herein his response to paragraphs 1-12 of the Complaint as if set forth fully herein.

14. Debtor is informed and believes Plaintiff advanced funds to Magnum under the Note for the purchase of vehicle inventory.

15. Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint and denies the same.

16. Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint and denies the same.

17. Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint and denies the same.

18. Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint and denies the same.

19. Debtor states the terms and condition of the Note speak for themselves.

20. Debtor denies the allegations contained in paragraph 20 of the Complaint and denies the Note imposed an express, implied, or statutory trust upon Debtor individually.

21. Debtor denies the allegations contained in paragraph 21 of the Complaint. Drake, who filed for Chapter 7 bankruptcy relief in this Court during 2015, exclusively controlled the financial operations of Magnum. Plaintiff obtained a non-discharge judgment against Drake for the same relief and damages sought against Debtor in this Adversary Proceeding.

22. Debtor denies the allegations contained in paragraph 22 of the Complaint.

23. Debtor denies the allegations contained in paragraph 23 of the Complaint.

24. Debtor denies the allegations contained in paragraph 24 of the Complaint.

25. Debtor denies the allegations contained in paragraph 25 of the Complaint.

26. Debtor denies the allegations contained in paragraph 26 of the Complaint.

27. Debtor denies the allegations contained in paragraph 27 of the Complaint.

28. Debtor denies the allegations contained in paragraph 28 of the Complaint.

29. Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint and denies the same.

30. Debtor denies the allegations contained in paragraph 30 of the Complaint.

## COUNT II
### (Money Obtained through False Pretenses, False Representation, or Actual Fraud Pursuant to 11 U.S.C. § 523(a)(2)(A))

31. Debtor incorporates by reference herein his response to paragraphs 1-30 of the Complaint as if set forth fully herein.

32. Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 32 of the Complaint and denies the same.

33. Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint and denies the same.

34. Debtor denies the allegations contained in paragraph 34 of the Complaint.

35. Debtor denies the allegations contained in paragraph 35 of the Complaint.

36. Debtor denies the allegations contained in paragraph 36 of the Complaint.

37. Debtor denies the allegations contained in paragraph 37 of the Complaint.

38. Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint and denies the same.

39. Debtor denies the allegations contained in paragraph 39 of the Complaint.

40. Debtor denies the allegations contained in paragraph 40 of the Complaint.

## COUNT III
### (Willful and Malicious Injury Pursuant to 11 U.S.C. § 523(a)(6))

41. Debtor incorporates by reference herein his response to paragraphs 1-40 of the Complaint as if set forth fully herein.

42. Debtor denies the allegations contained in paragraph 42 of the Complaint.

43. Debtor denies the allegations contained in paragraph 43 of the Complaint.

44. Debtor denies the allegations contained in paragraph 44 of the Complaint.

45. Debtor denies the allegations contained in paragraph 45 of the Complaint.

46. Debtor denies the allegations contained in paragraph 46 of the Complaint.

47. Debtor denies the allegations contained in paragraph 47 of the Complaint.

### AFFIRMATIVE DEFENSES

1. Debtor denies each and every allegation not specifically admitted herein.

2. Plaintiff's Complaint should be dismissed to the extent it fails to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred to the extent they violate the equitable doctrines of waiver, estoppel, judicial estoppel, unclean hands, and laches.

4. Plaintiff's claims are barred to the extent Plaintiff failed to mitigate damages, if any.

5. During all relevant times, Debtor acted reasonably, appropriately, and lawfully pursuant to applicable law and notified Plaintiff concerning Drake's misconduct immediately upon discovery.

6. Plaintiff's damages, if any, were caused by its own negligence and failure to properly manage, audit, and supervise Plaintiff's accounts with Magnum exclusively controlled by Drake.

7. Plaintiff's damages, if any, were caused by or resulted from the intentional and negligent acts of Drake and other third parties.

8. Debtor reserves the right to assert any and all other affirmative defenses, as set forth in Rule 8 of the Federal Rules of Civil Procedure, that investigation, discovery, or trial reveals to be applicable, so as to avoid waiver of the same.

**PRAYER FOR RELIEF**

WHEREFORE, Debtor and Defendant Marc Alan Mackie prays for the following relief:

1. That judgment enter in favor of Debtor and Defendant Marc Alan Mackie and against Plaintiff NextGear Capital, Inc. on its Complaint.

2. For costs of suit and reasonable attorney fees as authorized under applicable law; and

3. For such other and further relief as the Court deems just and proper.

Dated: May 27, 2016                                  Respectfully submitted,


By:   s/ Robert J. Shilliday III
　　　Robert J. Shilliday III (#35595)
　　　Vorndran Shilliday P.C.
　　　1888 Sherman Street, Suite 760
　　　Denver, CO 80203
　　　Telephone: (720) 439-2500
　　　E-Mail: rob@vs-lawyers.com


**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2016, I deposited a true and correct copy of the foregoing **ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** in the United States Mail, postage prepaid, and addressed as follows:

Neal K. Dunning
2000 South Colorado Blvd.
Tower Two, Suite 700
Denver, Colorado 80222


　　　s/ Robert J. Shilliday III
　　　Robert J. Shilliday III